[Cite as *Zions First Natl. Bank v. Shiva Hospitality, Inc.*, 2013-Ohio-5666.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

ZIONS FIRST NATIONAL BANK, ET AL.,

      PLAINTIFFS-APPELLEES,            CASE NO.  16-12-12

      v.

SHIVA HOSPITALITY, INC., ET AL.,

      DEFENDANTS-APPELLEES,
      -and-
                                O P I N I O N
NITIN PATEL,

      DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 08-CV-0217

Judgment Affirmed

Date of Decision:   December 23, 2013

APPEARANCES:

      *Sanjay K. Bhatt* for Appellant

      *William P. Coley, II*  for Appellee, Huntington National Bank

**SHAW, J.**

{¶1} Defendant-appellant Nitin Patel ("Patel") appeals the September 19, 2012 judgment of the Wyandot County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee Huntington National Bank ("HNB"). Patel assigns as error the trial court's decision to *sua sponte* reconsider its May 4, 2012 ruling on HNB's Motion for Sanctions. As a result of this ruling, the trial court imposed sanctions on Patel for his noncompliance with the discovery process set forth in the Ohio Rules of Civil Procedure.

{¶2} This matter stems from a long and complicated litigation that commenced in 2008 with Zions First National Bank ("Zions") filing a complaint in case number 08-CV-0217, and in 2009 with HNB filing a complaint in case number 09-CV-0013. The cases involved claims for default of promissory notes, an equipment lease, and personal guarantees executed by Shiva Hospitality, Inc. ("Shiva"), Rejesh Shukla ("R. Shukla"), Varsha Shukla ("V. Shukla"), and Patel. The trial court consolidated the cases under case number 08-CV-0217.

{¶3} This appeal only involves HNB's allegations that Shiva, R. Shukla, and Patel defaulted on an equipment lease agreement held by HNB. The record indicates that throughout the trial court proceedings the parties did not dispute the amount that remained due and owing on the lease agreement. Rather, the record reflects Patel maintained, as his primary defense, that his purported signature as a

guarantor for Shiva on the lease agreement was a forgery and not his genuine signature.

{¶4} On September 21, 2011, the trial court received notice from HNB's counsel that the parties had agreed to a forensic handwriting analysis of Patel's signature with the anticipation that it would be completed within the next 60 days.

{¶5} On October 21, 2011, HNB sent a request for production of documents to Patel. In accordance with the Ohio Rules of Civil Procedure, Patel's responses to HNB's discovery request were due on November 18, 2011. Having yet to receive any response to its discovery request, HNB sent a letter to Patel's counsel on December 6, 2011, demanding a response and warning that a motion to compel would be filed if Patel continued to be noncompliant with the discovery process.

{¶6} On January 5, 2012, HNB filed a "Motion to Compel and for Sanctions" informing the trial court that Patel had yet to comply with its October 21, 2011 discovery request. Specifically, HNB requested the trial court's assistance in the matter by issuing an order compelling Patel's compliance with the discovery process. HNB explained that the documents sought in its discovery request were: 1) the original canceled checks signed by Patel from January 1, 2007 to December 31, 2007; and 2) Patel's signature on a legal pad, twice on each line for a total of not less than twenty-eight signatures. (Doc. No. 113 Ex. A).

{¶7} On January 23, 2012, the trial court issued an order to compel, mandating Patel respond to HNB's discovery request within ten days.

{¶8} On March 16, 2012, HNB filed a Motion for Sanctions informing the trial court that it had still not received a discovery response from Patel. HNB requested that the trial court sanction Patel by precluding him from presenting any evidence in support of his forgery defense. *See* Civ.R. 37(A). On the same day, HNB also filed a Motion for Summary Judgment, requesting the trial court find Shiva, R. Shukla, and Patel to be in default of the lease agreement and that judgment be rendered in favor of HNB in the amount of $110,045.69.

{¶9} The trial court set the matter for a non-oral hearing on April 27, 2012, and required the parties to file their responses "prior to the day of the hearing." (Doc. No. 118).

{¶10} On April 26, 2012, Patel filed a Memorandum Contra to both HNB's Motion for Summary Judgment and Motion for Sanctions. In response to HNB's Motion for Sanctions, Patel attached several documents to his Memorandum Contra purporting to comply with HNB's discovery request. Patel's counsel further represented to the trial court that he had complied with the trial court's January 23, 2012 Order to Compel by sending the attached documents to HNB's counsel within the ten-day timeframe ordered by the court. However, Patel's counsel explained that he inadvertently sent the discovery documents to HNB's

counsel's previous address and was unaware of the mistake until the March 16, 2012 Motion for Sanctions was filed.

**{¶11}** On May 4, 2012, the trial court granted HNB's Motion for Sanctions in part. Specifically, the trial court found the sanction of precluding Patel from presenting evidence in his forgery defense to be extreme given the representation made by Patel's counsel that counsel made the mistake and the representation that Patel had now apparently complied with the discovery request. However, realizing that Patel had still not sent the discovery documents to HNB despite purportedly being made aware of the mistake six weeks earlier, the trial court ordered Patel to pay the legal fees and expenses incurred by HNB in attempting to obtain Patel's compliance with its discovery request. *See* Civ.R. 37(A)(4).

**{¶12}** Shortly after the trial court's ruling, HNB filed "Plaintiff's Reply Memorandum in Support of Motion for Sanctions." HNB highlighted several gross inaccuracies and factual misrepresentations made by Patel in his April 26, 2012 Memorandum Contra.

**{¶13}** First, HNB maintained that Patel's counsel had several letters and filings from HNB stating the correct and current address of HNB's counsel— notably the record reflects HNB's counsel filed a notice of a change of address with the trial court in June of 2010.

**{¶14}** Second, HNB argued that the documents Patel attached in support of his Memorandum Contra were "woefully deficient" responses to HNB's discovery request for the following reasons: (1) Patel submitted copies of cancelled checks from August 18, 1999 to September 17, 1999—HNB's request asked for the original cancelled checks from the year of 2007, the timeframe in which the lease agreement and personal guarantees at issue were signed; and (2) rather than submitting a handwriting example containing at least 28 signatures as requested, Patel submitted a letter from a handwriting expert, stating that he was provided with samples of Patel's signature and concluding that "it is my opinion that the writing in question, being that of Nitin Patel, is probable [sic] a non-genuine signature." (Doc. No. 121).

**{¶15}** Nearly five weeks later, on June 13, 2012, the trial court issued a judgment entry stating the following:

> **Based on [Patel's] counsel's representation, the Court determined that [HNB] was requesting an extreme sanction which, because of a mistake by Defendant Patel's counsel, would result in an injustice to Mr. Patel. However, the Court did find that an award of expenses and attorney fees in obtaining compliance with discovery was appropriate. Therefore, the Motion for Sanctions was granted in part and overruled in part.**
>
> **However, on May 7, 2012 [HNB] filed a Reply Memorandum that required this Court to re-examine its ruling concerning the Motion for Sanctions. In its reply, [HNB] found it suspicious that the responses were sent to the old, wrong address given the many items listed with [HNB's counsel's] current and correct address. More importantly, however, it appears that the**

**responses were only provided in the attachment to [Patel's] April 26, 2012 Memorandum in Opposition to the Motion for Sanctions. In review of the response the Court, like [HNB], finds the responses "woefully deficient."**

**Since October 21, 2011 [HNB] has been seeking a response to its discovery request. [HNB] even obtained a Court Order to obtain a response. When [Patel] finally responded it is clear that [Patel] gave [HNB] that which he wanted him to have and not what [HNB] requested.**

**[Patel] offered no explanation as to why he provided to [HNB] copies of his cancelled 1999 checks, and not the original cancelled checks from 2007 as [HNB] requested. Further [Patel] provided absolutely no handwriting exemplar as requested (28 signatures on a page) despite the fact that he is clearly able to do so as shown by his purported signature on his Affidavit attached to his Memorandum Contra to [HNB's] Motion for Summary Judgment filed April 26, 2012. This shows willful disobedience of the Court's Order and bad faith in dealing with this case. A person's signature may well evolve over the years. As [Patel] only provided poor quality copies of documents containing his signature from 1994-1999 they are of little value. [HNB] is also entitled to have its own handwriting expert form and express an opinion as to the genuineness of [Patel's] signatures on [HNB's] documents. [Patel] has willfully refused to provide the exemplar, even in the face of a Court Order, and that smacks of bad faith. This is such a simple request to fulfill, the Court is amazed by [Patel's] refusal to do so. [Patel] is impeding [HNB] in the preparation of its case without justification. This is intentional non-performance.**

**Notably, [Patel] has not responded to [HNB's] May 7, 2012 filing, nor has he requested a sur-reply. These parties have been involved in this case since 2008 and simple discovery is still not completed because of [Patel's] willful failure to comply with a few straightforward requests for necessary information. In such instances, Courts have held that sanctions are appropriate. * * * Accordingly the Court hereby reconsiders its decision relative to**

> **the Motion for Sanctions. The Court finds the Motion well-taken and hereby GRANTS [the] same.**

(Doc No. 125 at 3-5) (internal citations omitted).

{¶16} On September 19, 2012, the trial court granted HNB's Motion for Summary Judgment. Specifically, the trial court ordered that Shiva, R. Shukla, and Patel be held jointly and severally liable for the sum of $110,045.69. Notably, this figure included $9,765.52 in attorney's fees which the trial court found to be reasonable given Patel's willful obstruction throughout the trial court proceedings and due to the fact that the lease agreement allowed for the recovery of such fees.

{¶17} Patel now appeals, raising the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN SANCTIONING APPELLANT WHEN IT HAD ALREADY DISPOSED OF THE MOTION FOR SANCTIONS, THE MATTER WAS NOT PROPERLY BEFORE THE COURT, AND NOTICE WAS NOT GIVEN TO APPELLANT.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN SANCTIONING APPELLLANT WHEN APPELLEE'S UNAUTHORIZED REPLY MEMORANDUM DID NOT CALL TO THE ATTENTION OF THE COURT AN OBVIOUS ERROR IN ITS EARLIER DECISION OR RAISE AN ISSUE FOR CONSIDERATION THAT WAS EITHER NOT CONSIDERED AT ALL OR WAS NOT FULLY CONSIDERED BY THE COURT WHEN IT SHOULD HAVE BEEN.**

{¶18} For ease of discussion, we elect to address the assignments of error together.

{¶19} On appeal, Patel claims the trial court erred when it *sua sponte* "converted" HNB's untimely reply into a motion for reconsideration, and granted HNB's Motion for Sanctions precluding Patel from presenting evidence in his forgery defense without first giving Patel notice and an opportunity to respond. Patel also claims that the trial court abused its discretion in reconsidering its prior ruling when HNB's reply did not raise new evidence or demonstrate an obvious error with the trial court's prior decision.

{¶20} At the outset, we note that Patel cites no relevant authority on appeal requiring the trial court to allow him an opportunity to respond before *sua sponte* reconsidering an interlocutory order.[1] To the contrary, the relevant authority on this issue expressly *permits* the trial court to reconsider an interlocutory order any time before the entry of final judgment in the case, either *sua sponte* or upon motion by a party. *See Nilavar v. Osborn*, 137 Ohio App.3d 469, 499 (2d Dist. 2000); *see, also*, Civ.R. 54(B) (stating that an interlocutory order is subject to revision at any time where there are claims pending and the decision to be revised does not have "no just reason for delay" language). In its June 13, 2012 Judgment

---

[1] The trial court's May 4, 2012 judgment was interlocutory in nature because the trial court awarded legal fees and expenses as a sanction but deferred adjudication of the amount until a later date. *State ex rel. Van Meter v. Lawrence Co. Bd. of Commrs.*, 4th Dist. Lawrence No. 91CA25 (Aug. 25, 1992); *Baker v. Eaton Corp.*, 5th Dist. Stark No. CA-8235 (Dec. 10, 1990).

Entry, the trial court specifically stated that it "hereby reconsiders its decision" upon a closer examination of the gross inaccuracies and misrepresentations to the court made by Patel's counsel in his April 26, 2012 Memorandum Contra. (Doc. No. 125). Thus, the trial court did not "convert" HNB's untimely reply into a motion for reconsideration as Patel suggests, but rather the trial court simply exercised its authority to *sua sponte* reconsider its interlocutory order.

{¶21} Moreover, Patel's argument on appeal that the trial court reconsidered its prior ruling based largely upon Patel's failure to file a response to HNB's reply is not supported by the record. Patel overlooks the fact that the trial court wrote several paragraphs to explain its reasoning for reconsidering its prior ruling, which focused on the conduct of Patel and his counsel in failing to comply with HNB's discovery request and the trial court's Order to Compel.

{¶22} As previously quoted above, the trial court in its June 13, 2012 Judgment Entry recited a history of the case replete with instances of Patel being obstructive to the progress of the case and/or non-responsive, and further described Patel's conduct in failing to comply with HNB's discovery request and the trial court's order as "willful disobedience," "bad faith," and "intentional non-performance." (Doc. No. 125 at 4-5). While the trial court did note that Patel failed to respond to HNB's reply, it is apparent that when reviewing the trial court's statement in context the trial court did not base its ruling on the failure of

Patel to file a response as Patel alleges. Rather, it is evident that the trial court is simply calling attention to the fact that Patel had offered no response to HNB questioning the authenticity of Patel's effort to comply with the trial court's order.

{¶23} Accordingly, for the foregoing reasons, we do not find the trial court's decision to *sua sponte* reconsider its May 4, 2012 ruling and grant HNB's Motion for Sanctions in its entirety to be an abuse of discretion. Patel's assignments of error are therefore overruled.

{¶24} The judgment of the Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**/jlr**

**WILLAMOWSKI, J., Dissents.**

{¶25} I would grant the assignments of error on the grounds that the trial court considered an improper factor in reaching its conclusion that discovery sanctions should be granted. The trial court considered the fact that appellant did not respond to appellee's untimely reply in support of its motion for sanctions. Appellant had no notice that a reply was expected or even allowed. Thus, to consider this factor is improper. Although I agree that the trial court may change

its mind at any time for any good reason or no reason at all, I do not agree that it can change its mind for an improper reason. *See State v. Hash Mall*, 160 Ohio St. 565, 117 N.E.2d 606 (1954) (holding that a court may not consider improper factors when entering a sentence). Thus, I would remand the matter for the trial court to consider without consideration of the fact that Appellant failed to file a response to Appellee's response before imposing a harsh sanction such as was done here.

{¶26} Additionally, I would remand for the trial court to reconsider the final judgment as Appellee was granted all that it requested without consideration of the fact that the property at issue was sold for $65,000.00 which is a mitigation of damages.